UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ERIC KOZOWSKI,<br><br>                         Plaintiff,<br><br>v.<br><br>L. SHANE NELSON, individually and in his capacity as Deschutes County Sheriff; DESCHUTES COUNTY, a political subdivision of the State of Oregon; PAUL GARRISON, an individual,<br><br>                        Defendants. | Case No.: 6:18-cv-00275-MK<br><br>OPINION AND ORDER<br><br>RE: DEFENDANT DESCHUTES COUNTY'S PETITION FOR ATTORNEY FEES AND DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER |

**KASUBHAI, Magistrate Judge:**

### INTRODUCTION

Before the Court is Defendant Deschutes County's Petition for Attorney Fees (ECF No. 69) and Defendants' Joint Motion for a Protective Order (ECF No. 94). For the reasons discussed below, Defendant Deschutes County's Petition for Attorney Fees is DENIED and Defendants' Joint Motion for a Protective Order is GRANTED in part and DENIED in part.

PAGE 1—OPINION AND ORDER

# BACKGROUND

## I. Attorney Fees

Plaintiff filed a Motion to Compel Discovery Against Defendant Deschutes County on February 19, 2019. ECF No. 46. On March 12, 2019, Defendant Deschutes County filed a Response. ECF No. 53. On May 2, 2019, this Court entered an order denying Plaintiff's Motion to Compel because Plaintiff failed to confer with Defendant in accordance with Local Rule 7-1 prior to filing his motion. Order, ECF No. 68. On May 14, 2019, Defendant Deschutes County filed a Petition for Attorney Fees based on having to file a response to Plaintiff's Motion to Compel. Defs.' Pet. Att'y Fees, ECF No. 69. Plaintiff opposed Defendant Deschutes County's Petition for Attorney Fees on May 28, 2019. Pl. Opp'n Defs.' Pet. Att'y Fees, ECF No. 83.

## II. Protective Order

The Deschutes County Sheriff's Office ("DCSO") maintains a legal department comprised of a lawyer and an assistant. Nakahira Decl. 1-2, ECF No. 54. From 2011 to 2018, Darryl Nakahira ("Nakahira") served as counsel to DCSO. *Id.* at 2. Nakahira controlled, directed, and supervised Julie Lovrien ("Lovrien") as his assistant. *Id.* Lovrien worked as Nakahira's assistant for four years. Lovrien Dep. 6:7-9, ECF No. 95-2. Lovrien while working as Nakahira's assistant, had frequent contact with Defendants Nelson and Garrison. *Id. at* 9:22-10:3. In August 2018, Lovrien left the DCSO. *Id.* at 5:17-23. On January 28, 2019, Plaintiff deposed Lovrien in the presence of Andrew Campbell, counsel for Defendant Deschutes County. *Id.* at 2.

On May 31, 2019, Plaintiff filed a Supplemental Memorandum in Opposition to Motion for Summary Judgment and a Supplemental Declaration of Eric Kozowski. ECF Nos. 89-90. On June 13, 2019, Defendants filed a Joint Motion for a Protective Order. ECF No. 94. In this

motion, Defendants objected to the inclusion of ECF Nos. 89-90 because Plaintiff did not confer with Defendants. Defendants requested the following relief in their joint motion:

> (1) a finding that Lovrien may not waive Defendants' attorney-client privilege;
> (2) an order barring Lovrien from testifying in this case and barring the use of her deposition at trial;
> (3) an order barring Plaintiff or Plaintiff's counsel from communicating with Lovrien without the presence of defense counsel;
> (4) an order striking ECF Nos. 89 and 90 from the record;
> (5) an order requiring that Plaintiff turn over 100 percent of his communications with Lovrien, in whatever form or medium, to Defendants within ten days;
> (6) an order requiring that Plaintiff sit for an additional deposition held at the office of defense counsel and limited in scope to his communications with Lovrien;
> (7) an order that Plaintiff's counsel certify to the Court by sealed declaration for in-camera review that neither he nor anyone at his law firm knew of, encouraged, or otherwise permitted Plaintiff's contact with Lovrien;
> (8) an order requiring that Plaintiff comply with Local Rule 7-1 for all future filings, and that failure to do so shall result in the filing being struck; and
> (9) an order awarding Defendants reasonable attorney fees and costs incurred in moving for a protective order.

Defs.' Joint Mot. Protective Order 11, ECF No 94.

The parties fully briefed the issue of the protective order. *See* ECF Nos. 94, 99, 101. The Court ruled on portions of the motion during oral argument on November 26, 2019, and later issued an Order. ECF No. 106. In the order, the Court re-stated its bench rulings:

> Plaintiff's Supplemental Memorandum (ECF No. 89) and Supplemental Briefing (ECF No. 90) are stricken from the record for failure to follow the conferral requirements of Local Rule 7-1. Plaintiff is ordered to produce all communications he had with Julie Lovrien, in whatever form or medium, to Defendants within [ten] days of this order. Parties will schedule an additional deposition of Plaintiff Kozowski, which is to be limited in scope to examination about his communications with Ms. Lovrien and including any coordination of communications between Plaintiff's attorney, Plaintiff, and Ms. Lovrien. The deposition will be held in Salem, Oregon. After the deposition, parties may file motions for leave to file supplemental briefing with the Court.

*Id.* This order granted Defendants the relief of requests four, five, six, and eight of their motion. During oral argument, the Court ruled that Ms. Lovrien could not waive

Defendants' attorney-client privilege, granting Defendants' request for relief number one. Oral Arg. Tr. 30, ECF No. 108. And, the Court asked Plaintiff's counsel to certify that he did not knowingly encourage Plaintiff's contact with Lovrien. *Id.* at 22-23, 52-53. Plaintiff's counsel so certified. *Id.* Further, the Court entered an order striking the content of Plaintiff's communications with Lovrien in ECF Nos. 89 and 90. ECF No. 106. Thus, the Court granted Defendants request for relief number seven.

Now before this Court are Defendant Deschutes County's Petition for Attorney Fees (ECF No. 69) and Defendants' request for relief two, three, and nine of their Joint Motion for Protective Order (ECF No. 94). The Court discusses the Petition for Attorney Fees first, followed by the Motion for Protective Order.

## DISCUSSION

### I. Attorney Fees

If a court denies a motion for an order compelling disclosure or discovery, a party who opposed the motion may be entitled to "reasonable expenses incurred opposing the motion, including attorney[] fees" paid by the movant. Fed. R. Civ. P. 37(a)(4)(B). However, the court must not order payment if the motion was substantially justified or "make an award of expenses unjust." *Id.* "A discovery request is 'substantially justified' if reasonable people could differ as to whether the party requested must comply." *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).

Defendant Deschutes County seek attorney fees in the amount of $7,850 for responding to Plaintiff's Motion to Compel filed on February 19, 2019. ECF No. 69. Plaintiff moved this Court to compel Defendant Deschutes County to provide documents responsive to Plaintiff's discovery requests. Pl. Mot. Compel 1-2, ECF No. 46. For example, Plaintiff requested that

Defendant Deschutes County produce email communications of Defendant Nelson's directions for how DCSO Internal Affairs investigations of Plaintiff were to be compiled. *Id.* at 3. Plaintiff alleges that these emails include directions of including "citizen complaints" against Plaintiff. *Id.*

The Court finds that Plaintiff's discovery request was substantially justified given that "reasonable people could differ as to whether the party requested must comply." *Reygo Pac. Corp.* 680 F.2d at 649. Thus, the Court denies Defendant Deschutes County's Petition for Attorney Fees (ECF No. 69).

## II. Joint Motion for Protective Order

While parties are generally entitled to broad discovery under Federal Rule of Civil Procedure Rule 26(b)(1), protective orders under Federal Rule of Civil Procedure Rule 26(c) represent an important "counterbalance" to that generous discovery policy. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). Indeed, the United States Supreme Court has observed that "privacy" itself is "implicit" in the protections of Rule 26(c). *Seattle Times Co.*, 467 U.S. at 35 n.21. A party seeking a protective order must establish "good cause." Fed. R. Civ. P. 26(c)(l); *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1867 (2012). Honoring the attorney-client privilege and work product doctrine have repeatedly been held to qualify as "good cause." *See Hanson v. Wells Fargo Home Mortg., Inc.*, C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (so holding and collecting cases).

   a. **Request 2**—Bar Lovrien from testifying and barring use of her deposition at trial

Lovrien's willingness to share confidential communications to Plaintiff without the presence of defense counsel represents a failure to honor the attorney-client privilege. Failure to honor the privilege has "repeatedly been held to qualify as 'good cause'" for the Court to grant a

PAGE 5—OPINION AND ORDER

protective order. *See Hanson*, C13-0939JLR, 2013 WL 5674997, at *3. The Court acknowledges that Lovrien's deposition testimony may violate attorney-client privilege. However, determinations about the use of her deposition or testimony during trial are matters best ruled on by the trial court judge. Therefore, Defendants' motion as to request for relief number two is denied.

      b. **Request 3**—Bar Plaintiff and Plaintiff's counsel from communicating with Lovrien without defense counsel present

Because Defendant Deschutes County is a represented party in this case, the representation extends to Lovrien, as a former employee of Deschutes County. Federal jurisprudence is not alone in requiring that adversarial counsel does not extract privileged information from disgruntled or vulnerable former employees. See *Kaiser v. AT&T*, CIV 00–724–PHX JWS, 2002 WL 1362054, at *6 (D. Ariz. April 4, 2002). Oregon Rules of Civil Procedure prohibit lawyers from "knowingly us[ing] methods of obtaining evidence that violate the legal rights" of others. Or. R. Civ. P. Rule 4.4. That prohibition includes knowingly having contact with a represented party about the subject of that representation. *See* Or. R. Civ. P. Rule 4.2.

The Oregon State Bar also explained that a "[p]laintiff's lawyer may not. . . use any conversations with . . . [a] [f]ormer employee to invade Corporate Defendant's lawyer-client privilege." Oregon State Bar Legal Ethics Comm., Formal Op. 2005-80 (revised, 2016). The Oregon State Bar opinion clarified that the plaintiff's lawyer "may not ask or permit. . . [f]ormer employee to disclose to Plaintiff's [l]awyer any communications that [the] [f]ormer [e]mployee had with Defense [l]awyer pertaining to the matter in litigation." *Id.* Further, this prohibition applies to a plaintiff's lawyer's conversations with a former employee about communications the

former employee had with corporate counsel either during or after the former employee's employment. *Id.*

The Court grants Defendant's request for relief number three barring Plaintiff or Plaintiff's counsel from communicating with Lovrien regarding the subject of this litigation without the presence of defense counsel.

  c. **Request 9**—order awarding Defendants attorney's fees and costs incurred in moving for this protective order

On November 26, 2019, after oral argument, this Court ordered that "parties may file motions for leave to file supplemental briefings." Order, ECF No. 106. Since November 2019, the Court has not received a motion asking for leave to file supplemental briefings from Defendants, nor a petition for attorney fees to allow the Court to determine if Defendants' attorney fees are reasonable. Thus, the Court denies Defendants' relief number nine.

In summary, the Court denies Defendants' requests for relief two and nine, and grants request three.

## CONCLUSION

For the reasons discussed above, Defendant Deschutes County's Petition for Attorney Fees (ECF No. 69) is DENIED and Defendants' Joint Motion for a Protective Order (ECF No. 94) is GRANTED in part and DENIED in part.

ORDERED this 5th day of March 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge